UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

KENNETH J. CRADIC, )
)
    Petitioner, )
)
v. ) No. 2:23-CV-00128-JRG-CRW
)
BERT C. BOYD, )
)
    Respondent. )

## MEMORANDUM OPINION AND ORDER

Petitioner, a state prisoner, filed a petition for habeas corpus relief under 28 U.S.C. § 2254 in which he challenges his 2006 Sullivan County convictions[1] on the grounds that (1) his counsel was ineffective for not conveying a plea offer to him; and (2) he did not waive the statute of limitations defense [Doc. 1 at 1–3]. For the reasons set forth below, the Court's previous order regarding payment of the filing fee [Doc. 8] is **VACATED**. Also, the Clerk will be **DIRECTED** to transfer the petition to the United States Court of Appeals for the Sixth Circuit as second or successive.

### I. FILING FEE

The Court previously entered an order denying Petitioner's motion for leave to proceed i*n forma pauperis* and requiring that Petitioner pay the $5.00 filing fee [Doc. 8]. However, as it appears that Petitioner has already paid the filing fee, that order [*Id.*] is **VACATED**, and the Clerk is **DIRECTED** to refuse or return any additional payment Petitioner and/or any agent of Petitioner

---

[1] Petitioner does not state that these are the convictions he challenges herein. But he challenges his current confinement [Doc. 1 p. 1–3], and the Court takes judicial notice that these are the convictions for which he is incarcerated. https://foil.app.tn.gov/foil/details.jsp (last visited Sept. 26, 2023). Also, Petitioner cites *State v. Cradic*, No. E2006-01975-CCA-R3-CD, 2008 WL 2937882 (Tenn. Crim. App. July 31, 2008) ("*Cradic I*") as the case in which he appealed the judgments for which he seeks § 2254 relief in this case [*Id.* at 2], and *Cradic I* addresses his 2006 Sullivan County child rape and incest convictions for which he is currently confined. *Id.* at *1. Thus, it is apparent that these are the convictions Petitioner seeks to challenge in this action.

may have already paid or may in the future seek to pay to the Court for this action based on that order.

## II. SECOND OR SUCCESSIVE PETITION TRANSFER

Also, as Petitioner's petition for § 2254 relief is a second or successive petition for which he must receive authorization from the Sixth Circuit in order to proceed herein, the Court will transfer this action to that Court.

Specifically, Petitioner previously filed a § 2254 petition challenging the same convictions he asks the Court to invalidate in this case [*see* Doc. 1 at 2 and *Cradic v. Lee*, No. 3:17-CV-522, 2018 WL 3625445 (July 30, 2018) (Doc. 2 at 2) (both citing *Cradic I* as the case in which Petitioner appealed the criminal judgments for which he seeks § 2254 relief)]. A Court in this District dismissed Petitioner's previous § 2254 petition as time-barred, *Cradic v. Lee*, 2018 WL at *2–5, which was an adjudication on the merits of that petition. *See*, *e.g.*, *Bennett v. Schiebner*, No. 1:23-CV-713, 2023 WL 5155205, at *1 (W.D. Mich. July 17, 2023) ("[A] dismissal [of a § 2254 petition] on the basis of the statute of limitations is a decision on the merits, rendering a subsequent application second or successive.") (citations omitted).[2]

It is apparent that the claims for § 2254 relief Petitioner seeks to bring in this action were ripe at the time of he filed his previous § 2254 petition, but he failed to bring those claims in that petition, or did so unsuccessfully. As such, Petitioner's petition for § 2254 relief in this action is second or successive. *In re Hill*, No. 20-3863, ___ F. 4th ___, 2023 WL 5493261, at *6 (6th Cir. Aug. 25, 2023) (providing that "[w]hen a second-in-time petition raises a new claim purporting to question the previously challenged judgment, the new claim was neither unripe nor unexhausted

---

[2] Petitioner requested for a certificate of appealability regarding this dismissal from the Sixth Circuit, and the Sixth Circuit denied that request. *Cradic v. Hutchinson*, No. 18-5937, 2019 WL 1055306 (6th Cir. Feb 5, 2019).

2

the first go-around, and the petitioner nevertheless failed to raise the claim, it is 'second or successive.'").

Petitioner must have permission from the Sixth Circuit to file a second or successive habeas corpus petition. 28 U.S.C. § 2244(b)(3)(A) (providing that before a petitioner may file a second or successive petition for habeas corpus relief, he must "move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Accordingly, the Clerk is **DIRECTED** to (1) transfer this action to the Sixth Circuit, which will construe the petition as a request for authorization under §2244(b)(2) pursuant to 28 U.S.C. § 1631, *see In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997), and (2) to close this Court's file.

### III. CONCLUSION

For the reasons set forth above:

1. The Court's previous order [Doc. 8] is **VACATED**, and the Clerk is **DIRECTED** to refuse or return any additional payment Petitioner and/or any agent of Petitioner may have already paid or may seek to pay to the Court for this action in the future; and

2. The Clerk is **DIRECTED** to transfer this action to the Sixth Circuit, and to close this Court's file.

So ordered.

ENTER:

s/J. RONNIE GREER<br>
UNITED STATES DISTRICT JUDGE